UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN, individually
and on behalf of all others similarly
situated

       Plaintiff,

v.                               Case No:   2:16-cv-313-FtM-99CM

ALLY FINANCIAL INC.,

       Defendant.

_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Phase Discovery and to Reconsider the Deadline to File a Motion for Class Certification (Doc. 30) filed on June 29, 2016.   Plaintiff opposes the requested relief. Doc. 35.

## I.   Background

On April 28, 2016, Plaintiff filed this lawsuit against Defendant on the ground that Defendant has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.   Doc. 1 at 1.   Defendant allegedly is one of the largest automotive financiers in the world.   *Id.* ¶ 4.   Plaintiff claims that in or around December 2015, Defendant called him numerous times to reach an individual named Phillip Everett.   *Id.* ¶ 9.   Plaintiff notified Defendant that he is not Phillip Everett, and requested Defendant to cease further calls to him.   *Id.* ¶ 10.   Defendant, however, continued to call Defendant from January 2016 to March 2016.   *Id.* ¶ 11.

Several of Defendant's calls were artificial and pre-recorded voice messages.   *Id.* ¶ 14.   Plaintiff asserts that he is not the person whom Defendant attempted to reach, and has not provided his consent to receive calls from Defendant for any purpose. *Id.* ¶¶ 17-18.   In this lawsuit, Plaintiff seeks to bring his claim on behalf of a class that consists of people who received non-consented calls from Defendant within four years of the Complaint.   *Id.* ¶¶ 38-39.

On May 5, 2016, the Court issued a Related Case Order and Track Two Notice, ordering the parties to meet within thirty (30) days after service of the Complaint (Doc. 1) upon Defendant or Defendant's first appearance to prepare a Case Management Report ("CMR").   Doc. 4.   The Court also ordered the parties to file the CMR within fourteen (14) days after the meeting.   *Id.* at 2.   On June 13, 2016, the parties jointly moved to change this case's track designation, which the Court denied without prejudice.   Docs 14, 21.   The Court explained that as of the Order's date, Plaintiff had not filed a motion for class certification, and no class had been certified. Doc. 21 at 1.   Furthermore, the Court stated that because the Complaint's allegations are not complex in nature, the case does not need to be on a three-year track.   *Id.*   Since then, Plaintiff has not filed a motion for class certification and has up to November 28, 2016 to file one.[1]   Doc. 26.

---

[1] On June 21, 2016, Plaintiff moved for extension the deadline of July 27, 2016 to file a motion for class certification to March 6, 2017.   Doc. 25.   Defendant agreed to the requested relief.   Doc. 25.   The Court granted in part the motion for extension (Doc. 25) and extended the deadline to November 28, 2016 because that should provide sufficient time for discovery concerning class certification.   Doc. 26 at 2.

On June 28, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint and Strike Class Allegations, alleging that Plaintiff does not has a standing to bring this case and Plaintiff's class is facially uncertifiable.   Doc. 29.   Soon after, on July 6, 2016, the parties filed an agreed CMR, setting the deadline for class certification issues for Plaintiff to October 17, 2016 and for Defendant to November 14, 2016. Doc. 31.   The CMR shows the parties' dispute over discovery as Defendant contends that phasing of discovery is necessary in light of its motion to dismiss (Doc. 29), while Plaintiff argues that phasing discovery is prejudicial to Plaintiff, and Defendant's motion (Doc. 29) does not change the analysis.   Doc. 31 at 11-12.

## II.   Discussion

### a.   *Defendant's motion to phase discovery (Doc. 30)*

On June 29, 2016, Defendant filed the motion to phase discovery and reconsider the deadline to file a motion for class certification.   Doc. 30.   Defendant seeks to phase discovery into three stages: (1) discovery into the merits of Plaintiff's individual claims for 120 days, then (2) discovery into the requirements under Rule 23 of the Federal Rules of Civil Procedure for certification of a class for 180 days, and (3) class merits discovery, which includes discovery into the claims and defenses of individual class members, to be reserved until after Plaintiff's class is certified.   *Id.* at 22; Doc. 35 at 5.   Defendant distinguishes each discovery phase as follows:

> Discovery regarding the merits of Plaintiff's individual claims include:
> i) [] Plaintiff's standing to assert his claim; ii) evidence regarding the
> elements of Plaintiff's individual claims; and, iii) evidence regarding
> [Defendant]'s defenses to Plaintiff's individual claims, etc.

> Class certification discovery includes, e.g.: i) the purported agency relationship between [Defendant] and vendors; ii) [Defendant]'s applicable policies and procedures; and, iii) the equipment used to place calls to putative class members.
>
> Class merits discovery includes: i) information regarding the identity of class members; ii) information regarding the number of calls received by each class member; iii) the specific documents reflecting [Defendant]'s express consent to call each of the class members; iv) the content of individual calls; and, v) information regarding the date and amounts of payments made by specific accountholders.

Doc. 30 at 8.

Defendant asserts that discovery specific to Plaintiff's claim is necessary because Plaintiff may not have Article III standing and has not pleaded valid claims. *Id.* at 13-15.   With respect to class merits discovery, Defendant argues that because Plaintiff has not properly defined a class, Plaintiff's class definition leads to abusive discovery such as discovery requests seeking Defendant's voluminous records of calls and confidential financial information.   *Id.* at 18-21.   As a result, in the interest of judicial economy and efficiency, Defendant believes that merits discovery should be reserved until the issue of class certification is decided.   *Id.* at 9-12.

In opposition to the motion, Plaintiff argues that phasing discovery as suggested by Defendant will delay this action and prevent Plaintiff from obtaining relevant discovery prior to class certification.   Doc. 35 at 1.   Defendant's proposed deadlines would prohibit Plaintiff from conducting any class certification discovery prior to October 21, 2016, leaving approximately one month until the deadline of November 28, 2016 to file a motion for class certification.   *Id.* at 5-6.   Furthermore, Plaintiff asserts that the question on Plaintiff's standing is jurisdictional and does

not require discovery to be resolved. *Id.* at 7. Thus, delaying discovery on class certification after resolving the merits of Plaintiff's individual claims only risks mooting Plaintiff's claim if he prevails on summary judgment. *Id.*

Lastly, Plaintiff argues that Defendant's phasing reserves relevant discovery issues for the wrong discovery phases, which causes an unnecessary delay to Plaintiff. *Id.* at 7-9. For example, Defendant reserves certain issues relevant to class certification, including information regarding the identity of class members and the specific documents reflecting Defendant's consent to call each class member, for the merits discovery phase. *Id.* at 8. The parties' disputes over what discovery issues fall into each discovery phase will lead to unnecessary court intervention and waste of time and resources. *Id.* at 10.

The Court finds persuasive Plaintiff's argument that discovery should not be phased. A party moving for class certification has a burden of proof to establish the propriety of class certification. *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir. 2008). The decision to certify a class must "rest on a rigorous analysis of the requirements of Rule 23." *Busby,* 513 F.3d at 1322 (internal quotations omitted and citations omitted). The putative class must meet each of the requirements specified in Rule 23(a) and at least one of the requirements set forth in Rule 23(b). *Id.* In reaching its decision, the district court may consider both the allegations of the complaint and the evidentiary submissions of the parties. *Singer v. AT & T Corp.,* 185 F.R.D. 681, 685 (S.D. Fla. 1998) (citing *Blackie v. Barrack,* 524 F.2d 891, 901 n.17 (9th Cir.1975)). As an initial matter, however, the Court must determine

whether at least one named class representative has standing to raise a class claim. *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Moreover, prior to reviewing Rule 23 requirements, the court also must determine if the class is adequately defined.   *Singer,* 185 F.R.D. at 685 (citing *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir.1970)).

Here, contrary to Defendant's argument that there is a "crystal divide between class merits discovery and everything else," the Court does not see such a clear divide between the issues that fall into each discovery phase as Plaintiff suggests.   Doc. 30 at 13.   In its motion to phase discovery, Defendant argues that Plaintiff has not adequately defined a class and does not have a standing to bring his claim.   *Id.* at 13-21.   Defendant also has raised the same issues in its motion to dismiss and strike class allegations.   Doc. 29; Doc. 35 at 8-10.   The Court must examine the same issues again in analyzing Plaintiff's motion for class certification when he files one. *See Prado-Steinman ex rel. Prado*, 221 F.3d at 1279; *Singer,* 185 F.R.D. at 685. Therefore, in opposing Defendant's motion to dismiss and the motion to phase discovery, Plaintiff must address the issues that inevitably will appear in his future motion for class certification.   Docs. 29, 30; *see Prado-Steinman ex rel. Prado*, 221 F.3d at 1279; *Singer,* 185 F.R.D. at 685.

Furthermore,  as  Plaintiff  points  out,  Defendant's  phased  discovery unnecessarily delays Plaintiff's discovery.   Doc. 35 at 8-10.   Defendant proposes to reserve "information regarding the identity of class members" and "regarding the number  of  calls  received  by  each  class  member,"  and  "the  specific  documents

reflecting [Defendant's] express consent to call each of the class members," until the very last discovery phase, class merits discovery.   Doc. 30 at 8.   Plaintiff, however, may need such information prior to filing a motion for class certification, because when he files a motion for class certification, he carries the burden of proof and must demonstrate his compliance with Rule 23.   *See Busby,* 513 F.3d at 1322; *Brown v. Electrolux Home Prods., Inc.,* 817 F.3d 1225, 1234 (11th Cir. 2016); Doc. 35 at 8-9. The Court also finds that "the purported agency relationship between [Defendant] and vendors" and "[Defendant's] applicable policies and procedures," the issues Defendant purports to reserve for the class certification discovery phase, may help Plaintiff prove the merits of his individual claims.   Doc. 35 at 9.   For the reasons above, the Court holds that the issues cannot be divided into separate discovery phases as Defendant proposes.   Doc. 30.

In addition, both Defendant and Plaintiff cite a number of cases from this District, which clearly reject phasing discovery when "the issues related to class certification and the merits of [the parties'] case are inextricably intertwined."   *See, e.g.*, *Griffith v. Landry's, Inc.*, No. 8:14-cv-3213-T-35JSS, 2015 WL 6468134, at *1 (M.D. Fla. Oct. 9, 2015).   Defendant's argument that phasing discovery is in the interest of judicial economy and resources does not apply when "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."   *Lakeland Reg'l Med. Ctr,, Inc. v. Astellas US, LLC*, No. 8:10-cv-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla., Feb. 7, 2011).   Here, because the issues cannot be divided into separate discovery categories, the Court declines to exercise

its discretion to phase discovery. *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, *8 (S.D. Fla. July 3, 2014) ("Although Defendant is correct that courts may elect to bifurcate class-certification discovery and merits discovery, courts may also decline to exercise that discretion.").

### b. *Defendant's Motion to Reconsider the Court's Order of June 23, 2016 Extending the Certification Deadline (Doc. 30)*

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited

categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

Here, Defendant does not present any of the three grounds for reconsideration. *Sussman*, 153 F.R.D. at 694.   Defendant seeks the Court's reconsideration of its Order (Doc. 26) extending the deadline to file a motion for class certification to November 28, 2016.   Doc. 30 at 21-24.   Defendant's first argument for reconsideration assumes that the Court will grant its motion to phase discovery.  *Id.* at 21-22.   The argument is now moot because the Court denies Defendant's motion to phase discovery (Doc. 30).   Second, according to Defendant, the current timeline unreasonably assumes that the parties can "conduct all necessary discovery regarding Plaintiff's individual claim and class certification discovery in less than 90 days."  *Id.* at 22.   Again, as noted above and Plaintiff points out, the discovery issues relating to Plaintiff's individual claim and class certification overlap.   Furthermore, the Court noted that Plaintiff's allegations are not in complex in nature and does not require a prolonged time period of consideration.   Doc. 21.   Lastly, Defendant alleges that the deadline of November 28, 2016 allows Defendant to file an opposition by December 15, 2016, which forces Defendant to prepare an opposition brief during the holiday season.   Doc. 30 at 23.   Defendant states that "obtaining evidence, declarations, and necessary input during this time of the year is largely unfeasible." *Id.*   If such situation *in fact* occurs, Defendant may move for an extension of its own deadline to file a response to Plaintiff's motion, and the Court will entertain the motion for extension.   As shown above, Defendant's arguments do not present "(1)

an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Phase Discovery and to Reconsider the Deadline to File a Motion for Class Certification (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record