UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN, individually
and on behalf of all others similarly
situated

        Plaintiff,

v.

ALLY FINANCIAL INC.,

        Defendant.

Case No: 2:16-cv-313-FtM-99CM

## ORDER

This matter comes before the Court upon review of Defendant's Time Sensitive Motion to Stay Further Briefing on Plaintiff's Motion to Compel until the Outcome of Pending Motions is Determined, or in the Alternative, to Allow the Deposition of Expert Robert Biggerstaff on Shortened Time and/or to Extend the Time from Defendant to Respond to Plaintiff's Motion to Compel ("Motion to Stay") (Doc. 48) filed on October 7, 2016. Plaintiff opposes the requested relief. Doc. 53.

### I.    Background

On April 28, 2016, Plaintiff filed this lawsuit alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Doc. 1 at 1. Defendant allegedly is one of the largest automotive financiers in the world. *Id.* ¶ 4. Plaintiff claims that in or around December 2015, Defendant called him numerous times to reach an individual named Phillip Everett. *Id.* ¶ 9. Plaintiff notified Defendant that he is not Phillip Everett, and requested Defendant to cease

further calls to him.  *Id.* ¶ 10.  Defendant, however, continued to call Defendant from January 2016 to March 2016.  *Id.* ¶ 11.  Several of Defendant's calls were artificial and pre-recorded voice messages.  *Id.* ¶ 14.  Plaintiff asserts that he is not the person whom Defendant attempted to reach, and has not provided his consent to receive calls from Defendant for any purpose.  *Id.* ¶¶ 17-18.  Plaintiff seeks to bring his claim on behalf of a class that consists of people who received non-consented calls from Defendant within four years of the filing of the Complaint.  *Id.* ¶¶ 38-39.

On June 28, 2016, Defendant filed a motion to dismiss the Complaint (Doc. 1) and strike class allegations on the ground that (1) Plaintiff does not have Article III standing and (2) Plaintiff's class definitions are facially uncertifiable.  Doc. 29 at 2.  On July 6, 2016, the parties filed a Case Management Report.  Doc. 31.  On October 18, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports for Plaintiff to August 18, 2017 and for Defendant to September 18, 2017, the discovery deadline to October 20, 2017, and a trial term of May 7, 2018.  Doc. 54.

On October 4, 2016, Plaintiff filed a motion to compel Defendant to provide complete and substantive responses to Plaintiff's Interrogatories Nos. 4 and 6 and Requests for Production Nos. 1 and 2.  Doc. 47 at 1.  Plaintiff's Interrogatory Nos. 4 and 6 seek to discover identities and numbers of people who expressly did not consent to Defendant's calls or were not the people Defendant hoped to reach and yet received calls from Defendant.  *Id.* at 5-6, 10-11.  Plaintiff's Request for Production No. 2 asks for the call data regarding Defendant's outgoing calls at issue here, while No. 1

seeks all of Defendant's documents pertaining to Plaintiff. *Id.* at 12, 16. Defendant has not filed a response to the motion to compel (Doc. 47), which is due by October 21, 2016. As of this date, the Court has not ruled on the motion to dismiss (Doc. 29), and Plaintiff has until November 28, 2016 to file a motion for class certification. Doc. 26.

## II. Discussion

On October 7, 2016, Defendant filed the present motion, seeking to stay further briefing on the motion to compel or in the alternative, permit the deposition of Plaintiff's expert, Robert Biggerstaff, on shortened time and/or to extend the time for Defendant to respond to the motion to compel until at least ten (10) days following the deposition. Doc. 48 at 1. Defendant argues that Plaintiff's discovery requests seek to give Defendant's "entire universe of confidential customer data to Mr. Biggerstaff." *Id.* at 7. Defendant alleges that compressing the required database is extremely impracticable and would require Defendant to expend hundreds of hours at work. *Id.* at 2. Given that the Court has not ruled on Defendant's motion to phase discovery (Doc. 30)[1] and motion to dismiss (Doc. 29) or entered a CMSO,[2] Defendant states that there is no urgent need for discovery and no reason to push forward with Plaintiff's motion to compel. *Id.* at 3. Defendant asserts that Plaintiff has cost Defendant significant legal expense when he has not pleaded facts to show his standing in this case. *Id.* at 5.

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency

---

[1] On October 12, 2016, the Court denied the motion to phase discovery (Doc. 30). Doc. 50.

[2] As noted above, the Court entered a CMSO on October 18, 2016.

of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). "[N]either the parties nor the court have any need for discovery before the court rules on the motion" because the dispute is purely legal and involves no issues of fact. *Id.; Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama*, however, does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

"A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted). The Court must balance the harm produced by a delay in discovery against the possibility the motion will be granted and entirely eliminate the need for such discovery, which involves "weighing the likely costs and burdens of proceeding with discovery." *Id.* The Court has broad discretion to stay

discovery pending resolution of a dispositive motion. *Hovermale v. Sch. Bd. of Hillsborough Cty Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989).

Plaintiff argues that before the Court considers the above standard, Defendant bears the burden to show prejudice or undue burden. Doc. 53 at 4. In support, Plaintiff cites to Section I(E)(4) of this District's Handbook on Civil Discovery Practice[3] and *Weber v. Finker*, No. 3:07-mc-27-J-32MCR, 2008 WL 1881922 (M.D. Fla. Apr. 15, 2008). Showing of prejudice or undue burden mentioned in the discovery handbook already is a factor of the above standard, as the Court must consider the harm caused by a delay in discovery and weigh the likely costs and burdens of proceeding with discovery. *McCabe,* 233 F.R.D. at 685. Thus, a showing of prejudice or undue burden is not separate and apart from or is not a perquisite to the above standard in *McCabe*. *Id.*

Here, the Court finds persuasive Defendant's argument that discovery should be stayed. Doc. 48. After taking a "preliminary peek" at the pending motion to dismiss (Doc. 29) challenging the legal sufficiency of the Complaint, the Court finds it to be meritorious. *See McCabe,* 233 F.R.D. at 685; Doc. 29. On the other hand,

---

[3] Section I(E)(4) states as follows:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden. This policy also applies to cases referred to arbitration or mediation under the Local Rules.

Middle District Discovery (2015) § I.E.4.

Plaintiff does not assert that he needs to engage in discovery in order to defend against the motion to dismiss (Doc. 29). Doc. 53. Plaintiff's motion to compel is to obtain class discovery so that Plaintiff can determine who constitutes the members of the putative class. Doc. 47 at 3-4. The expense and time associated with responding to Plaintiff's discovery requests, however, may be enormous according to Defendant. Doc. 48 at 2.

For the reasons set above, the Court finds that discovery should be stayed. Although Defendant seeks to stay discovery until resolution of the motion to dismiss, the Court finds a stay of forty-five (45) days is appropriate to allow time for the Court's ruling on the motion to dismiss. Doc. 48. Furthermore, once the Court stays discovery pending a resolution of the motion to dismiss, the proper procedure would be to stay all discovery, not just further briefing on the motion to compel (Doc. 47), as Defendant seeks here. *See McCabe,* 233 F.R.D. at 685; *Chudasama,* 123 F.3d at 1367 (holding that a motion to dismiss challenging the legal sufficiency of a claim should be resolved before discovery begins). Because the Court is staying discovery, the Court does not address Defendant's argument to take the deposition of Mr. Biggerstaff, Plaintiff's expert. *Id.* at 6-8; Doc. 53 at 7-8.

The Court also is mindful that Plaintiff has an upcoming deadline of November 28, 2016 to file a motion for class certification. Doc. 26. To allow sufficient time for Plaintiff to conduct discovery in preparation for a motion for class certification, the Court *sua sponte* will extend Plaintiff's deadline to file a motion for class certification for forty-five (45) days beyond the current deadline. Because the Court will extend

Plaintiff's deadline and the parties have until October 20, 2017 to conduct discovery, delaying discovery for forty-five (45) days at this early stage of the proceedings will cause Plaintiff little harm.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Time Sensitive Motion to Stay Further Briefing on Plaintiff's Motion to Compel until the Outcome of Pending Motions is Determined, or in the Alternative, to Allow the Deposition of Expert Robert Biggerstaff on Shortened Time and/or to Extend the Time from Defendant to Respond to Plaintiff's Motion to Compel (Doc. 48) is **GRANTED in part**.

2. Discovery is **STAYED** for forty-five (45) days until **December 2, 2016**.

3. Plaintiff shall have up to and including **January 12, 2017** to file a motion for class certification.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record