UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN, individually
and on behalf of all others similarly
situated

      Plaintiff,

v.                                Case No: 2:16-cv-313-FtM-99CM

ALLY FINANCIAL INC.,

      Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Time-Sensitive Renewed Motion to (1) Allow the Deposition of Expert Robert Biggerstaff on Shortened Time, and to Stay Briefing on Plaintiff's Motion to Compel Until 10 Days Following the Completion of that Deposition; or in the Alternative, (2) to Set the Opposition Date on December 13, 2016 by Agreement of the Parties (Doc. 59) filed on December 1, 2016. Plaintiff responded in opposition on December 6, 2016. Doc. 60. Defendant opposes Defendant's deposition of Mr. Biggerstaff on shortened time, but agrees to Defendant's request to have until December 13, 2016 to respond to Plaintiff's Motion to Compel (Doc. 47). Docs. 59 at 4-5, 60.

    I.      **Background**

On June 28, 2016, Defendant filed a motion to dismiss the Complaint (Doc. 1). Doc. 29 at 2. On October 18, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports for

Plaintiff to August 18, 2017 and for Defendant to September 18, 2017, the discovery deadline to October 20, 2017, and a trial term of May 7, 2018. Doc. 54.

On October 4, 2016, Plaintiff filed a motion to compel Defendant to provide complete and substantive responses to Plaintiff's Interrogatories Nos. 4 and 6 and Requests for Production Nos. 1 and 2 ("Motion to Compel"). Doc. 47 at 1. Instead of filing a response to the Motion to Compel, on October 7, 2016, Defendant filed a motion to stay further briefing on the Motion to Compel or in the alternative, permit the deposition of Plaintiff's expert, Robert Biggerstaff ("Biggerstaff"), on shortened time and/or to extend the time for Defendant to respond to the Motion to Compel until at least ten (10) days following the deposition (the "Motion to Stay"). Doc. 48 at 1.

On October 18, 2016, the Court granted in part and denied in part Defendant's motion, staying discovery until December 2, 2016, to allow sufficient time for the resolution of Defendant's motion to dismiss (Doc. 29). Doc. 55. The Court also extended Plaintiff's deadline to file a motion for class certification to January 12, 2017. *Id.* at 7. On November 30, 2016, Senior United States District Judge John E. Steele denied Defendant's motion to dismiss (Doc. 29). Doc. 58.

II. Analysis

On December 1, 2016, Defendant filed the present motion seeking that the Court permit Biggerstaff's deposition on shortened time and allow ten (10) days following the deposition for Defendant to respond to the Motion to Compel. Doc. 59 at 3. Defendant reasserts its arguments in the Motion to Stay. *Id.* Defendant argues that Plaintiff's Motion to Compel seeks the entire universe of Defendant's

confidential customer data based on Biggerstaff's declaration. Doc. 48 at 6. Defendant asserts that although Biggerstaff represents to the Court that collecting Defendant's requested customer data is easy, he has not reviewed Defendant's systems and does not understand how Defendant's business operates. *Id.* at 7. Defendant seeks to depose Biggerstaff because of the importance of Biggerstaff's declaration to Plaintiff's Motion to Compel, the unusual nature of his opinion, and the extreme burden Plaintiff's Motion to Compel imposes. *Id.* at 8. Alternatively, Defendant seeks to have until December 13, 2016 to respond to Plaintiff's Motion to Compel. Doc. 59 at 4.

In his response, Plaintiff argues that the Court should deny Defendant's request to depose Biggerstaff on three grounds. Doc. 60 at 1-2. First, Plaintiff argues that Defendant objected to Plaintiff's discovery requests on the ground of undue burden in August 2016. *Id.* at 1. Plaintiff asserts that Defendant does not need to depose Biggerstaff to support its objections made two months before Plaintiff mentioned Biggerstaff in its Motion to Compel. *Id.* at 1-2. Second, Defendant refused to confer with Biggerstaff although Defendant had an opportunity to do so before Plaintiff filed his Motion to Compel. *Id.* at 2. Lastly, Defendant does not allege that it would be prejudiced to respond to the Motion to Compel on or before December 13, 2016, as the parties agreed. *Id.* Given the parties' arguments and Plaintiff's upcoming deadline to file a motion for class certification, the Court will order Defendant to respond to the Motion to Compel on or before December 13, 2016.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Time-Sensitive Renewed Motion to (1) Allow the Deposition of Expert Robert Biggerstaff on Shortened Time, and to Stay Briefing on Plaintiff's Motion to Compel Until 10 Days Following the Completion of that Deposition; or in the Alternative, (2) to Set the Opposition Date on December 13, 2016 by Agreement of the Parties (Doc. 59) is **GRANTED in part and DENIED in part**.

2. Defendant shall have up to and including **December 13, 2016** to respond to Plaintiff's Motion to Compel Defendant's Production of Discovery (Doc. 47). Defendant's remaining requests are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record