UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN, individually
and on behalf of all others similarly
situated

      Plaintiff,

v.                                                    Case No:  2:16-cv-313-FtM-99CM

ALLY FINANCIAL INC.,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel

Defendant's Production of Discovery (Doc. 47) filed on October 4, 2016 and Plaintiff's

Second Motion for Extension of Time for Plaintiff to File Motion for Class

Certification (Doc. 71) filed on January 4, 2017.  Plaintiff's motion for extension

seeks to extend the deadline of January 12, 2017 to file a motion for class certification

to March 31, 2017 in light of his pending motion to compel.  Doc. 71.  Defendant

filed under seal its response in opposition to Plaintiff's motion to compel on December

19, 2016[1] and agrees to a nine-day extension of the deadline for Plaintiff to file a

motion for class certification.  Docs. 70, 71 at 4.

_____

[1] Defendant was granted leave of Court to file its response under seal and to extend
the deadline for its response.  Docs. 61, 65.

## I.    Background

On April 28, 2016, Plaintiff filed this lawsuit against Defendant on the ground that Defendant has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.   Doc. 1 at 1.   Defendant allegedly is one of the largest automotive financiers in the world.   *Id.* ¶ 4.   Plaintiff seeks to bring claims on behalf of a class that consists of people who received non-consented calls from Defendant within four years of the filing of the Complaint.   *Id.* ¶¶ 38-39.

Plaintiff claims that in or around December 2015, Defendant called him numerous times to reach an individual named Phillip Everett.   *Id.* ¶ 9.   Plaintiff notified Defendant that he is not Phillip Everett, and requested Defendant to cease further calls to him.   *Id.* ¶ 10.   Plaintiff asserts that he is not the person whom Defendant attempted to reach, and has not provided his consent to receive calls from Defendant for any purpose.   *Id.* ¶¶ 17-18.   Defendant, however, continued to call Plaintiff from January to March 2016.   *Id.* ¶ 11.   Several of Defendant's calls were artificial and pre-recorded voice messages.   *Id.* ¶ 14.

On October 18, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports for Plaintiff to August 18, 2017 and for Defendant to September 18, 2017, the discovery deadline to October 20, 2017, and a trial term of May 7, 2018.   Doc. 54.   On October 18, 2016, the Court granted in part and denied in part Defendant's motion to stay and stayed discovery until December 2, 2016 in order to allow sufficient time for the resolution of Defendant's motion to dismiss (Doc. 29).   Doc. 55.   The Court also extended

Plaintiff's deadline to file a motion for class certification to January 12, 2017.  *Id.* at

7.  On November 30, 2016, Senior United States District Judge John E. Steele denied

Defendant's motion to dismiss (Doc. 29).   Doc. 58.

## II.   Motion to Compel

Plaintiff asserts that he seeks to certify a class of similarly situated persons,

which includes people who do not owe any debt to Defendant or instructed Defendant

to cease calling and yet, continued to receive calls from Defendant.   Doc. 47 at 2.

Plaintiff alleges that he served written discovery requests to Defendant, seeking to

identify the members of this putative class and to obtain the records of Defendant's

automated calls to putative class members and documents relating to Plaintiff's

telephone number.   *Id.*   Plaintiff, however, argues that Defendant refused to

identify any telephone number or person whose number had a notation "wrong

number" or "do not call," and to produce any call data regarding Defendant's calls to

these numbers and documents in connection with Plaintiff's telephone number.   *Id.*

Plaintiff seeks to compel Defendant to provide complete responses to his four

discovery requests: Interrogatories Nos. 4 and 6 and Requests for Production of

Document Nos. 1 and 2.   *Id.* at 5-7, 10-17.

### a.  *Plaintiff's Interrogatories Nos. 4 and 6 and Production of Document No. 2*

In general, Plaintiff's Interrogatories Nos. 4 and 6 and Production of Document

No. 2 seek to identify the members of the putative class and Defendant's call data

regarding the putative class members.   Doc. 47 at 5-16.   The first contested

discovery request is Plaintiff's Interrogatory No. 4, which asks Defendant to identify

certain telephone numbers and persons who received calls from Defendant although they do not owe any debt to Defendant.   Specifically, the interrogatory requests Defendant to:

> Identify each person in the United States (1) whose cellular telephone number (2) a non-emergency telephone call was made to by or on behalf of [Defendant] (3) using the same system(s) that called (561) 201 - _____ (4) between April 25, 2012 and present (5) who was not the person alleged to owe the debt in question.
>
> a.  Also, please state the date of each call, the telephone number called, the total number of all such calls, and the total number of unique cellular telephone numbers called.
>
> If you contend that a full response to this interrogatory is impossible, please explain why with specificity, and provide the most complete response possible.
>
> Also, if you do not know and cannot determine which calls were made to cellular telephone numbers, answer this interrogatory as if the word "cellular" was omitted from it, and Plaintiff will determine which calls were made to cellular telephones.

*Id.* at 5-6.

Defendant objected on various grounds, including that the requested job of reviewing and searching through its customer data will take millions of hours.   *Id.* at 6.   Furthermore, Defendant argued that it only has the names of the customers it attempted to reach, but not the names of the telephone numbers' true owners it called.   *Id.*   Defendant also claimed that although some owners might not have consented to receiving calls from Defendant, regular users of cell phones might have consented.   *Id.*   As a result, according to Defendant, comparing the identity of its account holder to the owner of the phone is impossible, and producing a list requested by Plaintiff will include people who might have consented to receiving calls from

Defendant. *Id.* Defendant also objected that it cannot provide its account holders' information to a third party because of privacy interests. *Id.*

Plaintiff argues that Defendant's objection of the request being overly burdensome is an overstatement because Defendant needs to access its single system, identified as "SHAW," to identify the numbers that it called. *Id.* at 7. Plaintiff also asserts that he suggested narrowing his request to phone numbers with a "wrong number" notation in Defendant's records so that Defendant only has to search for this notation in its records. *Id.* at 8. Alternatively, if Defendant deems responding to this discovery request is too burdensome, Plaintiff volunteers to conduct the necessary queries as long as Defendant provides copies of its database to Plaintiff. *Id.* With regard to protecting privacy interests, Plaintiff states that the parties have entered into a confidentiality agreement, which will protect Defendant's customer information. *Id.* at 9.

Plaintiff also seeks to compel Defendant to answer Interrogatory No. 6, which states:

> Identify each person in the United States (1) whose cellular telephone number (2) a non-emergency telephone call was made to by or on behalf of [Defendant] (3) using the same dialing system(s) that called (561) 201 - _____ (4) between April 25, 2012 and present (5) after that person has instructed [Defendant] to cease calls to that number.
>
> a. Also, please state the date of each call, the telephone number called, the total number of all such calls, and the total number of unique cellular telephone numbers called.
>
> If you contend that a full response to this interrogatory is impossible, please explain why with specificity, and provide the most complete response possible.

> Also, if you do not know and cannot determine which calls were made to cellular telephone numbers, answer this interrogatory as if the word "cellular" was omitted from it, and Plaintiff will determine which calls were made to cellular telephones.

Doc. 47 at 10.   Defendant objected to this interrogatory on the grounds of being overly broad and burdensome and excessive given the needs and the stage of this case.   *Id.*   Defendant argued that because customers can revoke and again give their consent to receive calls from Defendant, Defendant has to manually search and review each and every account even if the account has a notation of "do not call".   *Id.* at 11.   Defendant also reasserted its objections to Interrogatory No. 4 that Defendant does not have a list of the names of the cellular phones' true owners and needs to protect their customers' privacy interests.   *Id.*

Plaintiff argues that Defendant can respond to Interrogatory No. 6 by searching for "do not call" notations in its database and matching these notations to telephone numbers.   *Id.* at 12.   Again, Plaintiff asserts that it can conduct necessary searches and undertake the matching process if Defendant provides copies of its database tables at issue.   *Id.*

Another discovery request in dispute is Plaintiff's Request for Production No. 2, which seeks:

> The complete database tables showing the information requested in interrogatory #2, 4, and 6.   If this request is impossible to satisfy, produce electronic information in CSV format sufficient to show as much of the following as possible: (a) all calls made by or on [Defendant's] behalf, at any time from April 25, 2012 to the present, using the same dialing system used to call (561) 201-_____, (b) the telephone number to which each such call was made, (c) the phone type (e.g. cell, work, or home), (d) the script for any artificial or prerecorded message used in the call, (e) the name of the person called, (f) disposition codes for each

call, (g) the date and time of each call, (h) the name and address of each
person called, and (i) whether the person called had previously asked
that they not be called.

*Id.* at 13.    In response, Defendant reasserted its objections to Interrogatories Nos. 4

and 6.    *Id.*    In addition, Defendant objected to each subpart on various grounds

including being overly burdensome, excessive, vague, and ambiguous, invading

privacy of Defendant's customers, and assuming facts.    *Id.* at 13-15.    Plaintiff again

responds to Defendant's objections that Plaintiff needs the requested data in order to

identify members of the putative class and Defendant simply needs to provide copies

of its data to Plaintiff.    *Id.* at 16.

> b. *Defendant's Arguments in Opposition to Plaintiff's Interrogatories
> Nos. 4 and 6 and Request for Production of Document No. 2*

In addressing Defendant's response to the present motion to compel, the Court

first overrules two of Defendant's objections based on irrelevancy and Plaintiff's

alleged failure to show the immediate need for the requested materials.    Doc. 70 at

10-16.    Defendant argues that Defendant's substantial burden to produce the

requested materials outweighs Plaintiff's needs for the requested materials because

Plaintiff does not need a class list for class certification.    *Id.* at 11-12.    Instead,

Defendant claims that to succeed on class certification, Plaintiff needs a viable theory

of commonality and a class representative.    *Id.* at 12-13.    Defendant argues that

Plaintiff is not an adequate class representative because he was neither the sole user

of nor the subscriber to the cell phone number when he received calls from Defendant.

*Id.* at 14.    As a result, Defendant asserts that Plaintiff is not a member of the

putative class, and the requested discovery materials are irrelevant to Plaintiff's circumstances.  *Id.* at 14-15.

Generally, a party moving for class certification has the burden of proof to establish the propriety of class certification under Rule 23, including ascertainability. *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir. 2008); *Karhu v. Vital Pharm., Inc.,* 621 F. App'x 945, 948 (11th Cir. 2015).  As Defendant accurately points out, the Eleventh Circuit ruled that "to establish ascertainability, the plaintiff must propose an administratively feasible method by which class members can be identified."  *Karhu,* 621 F. App'x at 948.

Although this ascertainability requirement does not mandate the plaintiff to identify all class members at this stage, the district court's decision to certify a class "rest[s] on a rigorous analysis of the requirements of Rule 23," which impose various evidentiary burdens on a party moving for class certification.  *Busby,* 513 F.3d at 1322 (internal quotations omitted and citations omitted); *Haight v. Bluestem Brands, Inc.,* No. 6:13-cv-1400-Orl-28KRS, 2015 WL 12830482, at *2 (M.D. Fla., May 14, 2015), *adopted by* No. 57, slip op. (M.D. Fla, June 1, 2015).  "Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation."  *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009).  In addition, Rule 23(b)(3) requires findings: "(1) that common questions of law or fact predominate over questions affecting only individual class members ('predominance'); and (2) that a class action is superior to other available methods of adjudicating the controversy ('superiority')."  *Id.*  The putative

class must meet at least one of the requirements under Rule 23(b). *Busby*, 513 F.3d at 1332.

Plaintiff needs the requested discovery materials to meet his burden under Rule 23, particularly to address the requirements of numerosity, commonality, and typicality. With regard to numerosity, Rule 23(a)(1) states that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. American Cast Iron Pipe, Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citing 3B Moore's Federal Practice ¶23.05[1] at n.7 (1978)). Courts are given discretion to make assumptions regarding numerosity, but a plaintiff still is required to show some evidence of or reasonably estimate the number of class members beyond mere speculation and unsupported conclusions. *Fuller v. Becker & Polliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000); *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-cv-1306-J-34JRK, 2014 WL 2625181, at *12 (M.D. Fla. June 12, 2014). "Factors to be considered are the geographic dispersion of the class members, judicial economy, and the ease of identifying the members of the class and their addresses." *Kubiak*, 2014 WL 2625181 at *12.

Next, the commonality requirement of Rule 23(a) requires that there be questions of fact or law common to the class. Fed. R. Civ. P. 23(a)(2); 2014 WL 2625181 at *13. "The commonality requirement is also satisfied where plaintiffs allege common or standardized conduct by the defendant directed toward members

of the proposed class." *Elkins v. Equitable Life Inc. of Iowa*, No. CivA96-296-Civ-T-17B, 1998 WL 133741, at *13 (M.D. Fla. Jan. 27, 1998). The primary issue when determining if commonality exists is whether at least one issue exists that affects all or a significant number of the proposed class members. *Id.*

Lastly, "the claims of the class representative [must] be typical of those of the class." *Stalley v. ADS Alliance Data Sys.*, Inc., 296 F.R.D. 670, 682 (M.D. Fla. 2013). The plaintiff establishes typicality by showing "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Id.* "A sufficient nexus is established if the claims or defense of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id.*

"There are, however, no invariable rules regarding the suitability of TCPA claims for class treatment – 'the unique facts of each case generally will determine whether certification is proper.'" *Haight*, 2015 WL 12830482, at *9. Rather, the district court's analysis of class certification "frequently entails overlap with the merits of the underlying claim because 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.* As a result, although Plaintiff does not need a complete list of putative class members to succeed on certifying a class, Plaintiff must supply enough factual evidence to the district court that Plaintiff is not the only member of the putative class and Defendant has called other individuals in the same manner. *Id.* at *6-7; *see Stamblin v. Obama for America*, No. 8:13-cv-2428-T-

33TBM, 2015 WL 1909765, at *4 (M.D. Fla., Ap. 27, 2015) ("A district court has broad discretion in determining whether to certify a class").

Furthermore, Defendant's argument that Plaintiff is ineligible to serve as a class representative is for the district judge to decide when the district judge considers the merits of Plaintiff's motion for class certification. As the Court already stated in its Order (Doc. 50), in certifying a class, the district court must determine whether at least one named class representative has standing to raise a class claim. *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000).

The Court also will overrule Defendant's objection based on its customer's privacy interests. Defendant argues that Plaintiff's requests ignore a number of state and federal laws and regulations governing consumer privacy and data protection and do not consider adequate security protocols to protect Defendant's sensitive customer data. Doc. 70 at 19-20. Defendant further asserts that redacting each account holder's sensitive information would take millions of hours. *Id.* at 20. Defendant's objection, however, does not address the fact that the parties have entered into a confidentiality agreement. Doc. 47 at 9. Plaintiff also claims that Defendant need not manually redact any information because the exported data can exclude social security numbers or other financial information. *Id.*

Defendant's remaining objections are (1) the ambiguity of Plaintiff's discovery requests and (2) the technical infeasibility of collecting data requested by Plaintiff. Doc. 70 at 6-9, 16-18. Defendant argues that the discovery requests do not make clear whether Plaintiff seeks the identities of people who received calls from

Defendant or the phone numbers that Defendant called. *Id.* at 6-7. Defendant asserts that it cannot identify the people who actually received Defendant's calls, but only those whom it tried to reach. *Id.* at 8. In addition, Defendant claims that it has no ready access to its account holders' individual demographic information. *Id.* at 17. Defendant argues that it keeps information regarding phone numbers in a compressed, non-relational database, which is accessible only on a file-by-file basis. *Id.* Defendant asserts that because Plaintiff's technical expert does not understand Defendant's database, Plaintiff's expert inaccurately believes that amassing data and producing documents from Defendant's system is an easy process. *Id.* Even if Defendant succeeds in decompressing its database and delivers the requested materials to Plaintiff, Defendant argues that the delivered information will likely contain the phone numbers irrelevant to this case. *Id.* at 18.

> Rule 26(b) permits discovery
>
> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) imposes specific limitations on electronically stored information as a party resisting the motion to compel "need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2).

Here, the Court finds that although the content of Plaintiff's discovery requests are relevant, the scope of the discovery requests is overly broad given Plaintiff's need at this stage and Defendant's burden to produce the requested materials.   As stated above, Plaintiff does not need a complete list of putative class members but sufficient evidence of individual putative class members for class certification under Rule 23. *Karhu*, 621 F. App'x at 948; *Haight*, 2015 WL 12830482, at *3-12.   In comparison to Plaintiff's need, the alleged burden that Plaintiff's Interrogatories Nos. 4 and 6 and Request for Production of Document No. 2 impose on Defendant is heavy, because they seek class the identities and phone numbers of possibly all putative class members.   Fed. R. Civ. Pro. 26(b)(1).   Nonetheless, although Plaintiff does not need a complete list of putative class members, Defendant cannot block Plaintiff from accessing *any* of its call data and must provide at least ones within its technical reach. As a result, the Court will limit the scope of Plaintiff's discovery requests to evidence necessary to certify a class under Rule 23.   *See* Fed. R. Civ. Pro. 26(b)(1); Doc. 70 at 10-11.   Accordingly, Plaintiff shall serve amended discovery requests that focus on his evidentiary burden under Rule 23.

To allow Plaintiff's reasonable discovery and address the parties' technical disputes, the Court will direct the parties' experts to meet and confer at the earliest possible time to discuss the technical issues surrounding the discovery of Defendant's database.   Although Defendant argues that Plaintiff's expert witness "knows nothing" of Defendant's data of system, the parties' briefs suggest that the parties' experts have not met and discussed their differences in opinions.   Docs. 47 at 8, 12,

16; 70 at 17 n.17.    As one court in this District has held, "[c]onversation between the experts should have significantly accelerated the time it has taken Plaintiff to learn what systems Defendant[] ha[s,] and what information those systems are capable of providing." *Freedman v. Suntrust Banks, Inc.*, No. 6:15-cv-1657-Orl-41TBS, 2016 WL 3196464, at *5 (M.D. Fla., June 9, 2016).

The parties also must meet separately to *discuss in depth* how to conduct discovery efficiently and economically and what discovery on class questions will be needed.    "This is the sort of the cooperation that the Court expects from the parties in the discovery process."    *Id.*    The Court reminds the parties that the attorneys and litigants are expected to cooperate with each other in a spirit of cooperation in order to reduce unnecessary cost and delay.    *Sprague v. Indep. Bank*, No. 2:16-cv-88-FtM-29CM, 2016 WL 6778931, at *3 (M.D. Fla., Nov. 16, 2016).    The parties, not the Court, know best how to conserve resources while providing relevant discovery materials based on what is available to them.    Only if the parties cannot resolve their disputes after exchanging information and discussing them in good faith should they file motions for the Court to consider.    Given the CMSO deadlines and to allow sufficient time for the parties' conferral and discovery, the Court also will grant Plaintiff's motion to extend the deadline to file a class certification motion and extend Plaintiff's deadline to March 31, 2017.

### c.  *Plaintiff's Request for Production of Document No. 1*

Plaintiff's Request for Production No. 1 seeks:

All documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's

telephone number, (561) 201-_____, or any other number, datum, symbol, designation or code (such as an account number of Social Security number) assigned to his name or telephone number.

*Id.* at 16.  Defendant objected to the discovery request as being overly broad and burdensome, vague, ambiguous, and irrelevant.  *Id.*  Defendant also asserted that the requested documents contain information protected by trade secret and attorney-client and attorney work product privileges.  *Id.* at 17.  Nonetheless, Defendant produced the requested materials dated after November 9, 2015.  *Id.*  Plaintiff asserts that the produced documents are insufficient because they are heavily redacted and do not contain any information before November 9, 2015.  *Id.*  Plaintiff argues that he needs the complete set of the requested documents because they are critical to proving whether Defendant willfully or knowingly violated the TCPA statute, 47 U.S.C. § 227(b)(3).  *Id.*

Defendant responds that it interpreted the request as seeking information regarding Plaintiff or Plaintiff's cell phone number while he owned it.  Doc. 70 at 20.  Defendant also argues that the redacted portions of its produced documents concern its customer's private financial information.  *Id.*  Hence, Defendant asserts that the documents dated before November 9, 2015, the start date of Plaintiff's alleged ownership of the cell phone number, and the redacted portions are irrelevant.  *Id.*  The Court finds persuasive Defendant's argument that what is redacted or not produced is not relevant to this case.  The Court will not compel Defendant to produce more documents responsive to Plaintiff's Request for Production of Document No. 1.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Motion to Compel Defendant's Production of Discovery (Doc. 47) is **GRANTED in part and DENIED in part**.

      a.     Plaintiff's Motion to Compel as to Request for Production of Document No. 1 is **DENIED**.

      b.     Plaintiff's Motion to Compel as to Interrogatories Nos. 4 and 6 and Request for Production of Document No. 2 is **GRANTED in part**.

2.     Plaintiff shall have up to and including **January 13, 2017** to amend his Interrogatories Nos. 4 and 6 and Request for Production of Document No. 2.   The scope of Plaintiff's amended Interrogatories Nos. 4 and 6 and Request for Production of Document No. 2 is limited to evidence necessary for class certification under Rule 23.

3.     The parties' experts shall have up to and including **January 19, 2017** to meet and confer over the technical issues surrounding Defendant's database.

4.     The parties shall have up to and including **January 19, 2017** to separately meet and confer over how to conduct discovery efficiently and economically and what discovery on class questions will be needed.

5.     Plaintiff's Second Motion for Extension of Time for Plaintiff to File Motion for Class Certification is **GRANTED**.   Plaintiff shall have up to and including **March 31, 2017** to file a motion for class certification.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record