UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN, individually
and on behalf of all others similarly
situated

   Plaintiff,

v.             Case No: 2:16-cv-313-FtM-99CM

ALLY FINANCIAL INC.,

   Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Compel Discovery Responses and to Comply with Request for Inspection; Memorandum of Law in Support Thereof (Doc. 165) filed on October 20, 2017. Defendant seeks to compel Plaintiff to produce certain information in response to its discovery requests served in June and December 2016. Doc. 165. Plaintiff opposes the requested relief. Doc. 172.

### I. Background

On April 28, 2016, Plaintiff filed this lawsuit against Defendant on the ground that Defendant has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Doc. 1 at 1.[1] Defendant allegedly is one of the largest automotive financiers in the world. Id. ¶ 4. Plaintiff initially sought to bring

---

[1] The page numbers here refer to CM/ECF page numbers.

claims on behalf of a class that consists of individuals who received non-consented calls from Defendant within four years of the filing of the Complaint. *Id.* ¶¶ 38-39. On April 3, 2017, Plaintiff moved for class certification, which Senior United District Judge John E. Steele denied. Docs. 131, 160. Accordingly, Plaintiff is proceeding individually only. Doc. 160.

Plaintiff claims that in or around December 2015, Defendant called him numerous times to reach an individual named Phillip Everett. *Id.* ¶ 9. Plaintiff notified Defendant that he is not Everett, and requested Defendant to cease further calls. *Id.* ¶ 10. Plaintiff asserts that he is not the person whom Defendant attempted to reach, and has not provided his consent to receive calls from Defendant for any purpose. *Id.* ¶¶ 17-18. Nonetheless, Defendant made twenty-two phone calls to Plaintiff from January to April 2016. Doc. 160 at 3. Plaintiff received an artificial or pre-recorded voice message when he did not answer. Doc. 141 at 3.

At times relevant to this case, Plaintiff was not the sole user of the cell phone to which Defendant made unwanted calls. *Id.* at 3-4. Plaintiff's cell phone was part of a family plan account in the name of his girlfriend's father. *Id.* at 3. Although primarily Plaintiff used the cell phone at issue, his girlfriend also occasionally used this cell phone. *Id.* at 3-4. Plaintiff could not remember whether his girlfriend ever possessed the cell phone when Defendant made unwanted phone calls. *Id.* at 4. In addition, Plaintiff and his girlfriend sometimes shared monthly bills for the cell phone. *Id.*

When Plaintiff began to receive unwanted calls from Defendant, he installed on his cell phone an application called Metro Block It ("Block It") to block Defendant's unwanted calls. *Id.* at 5. Plaintiff added Defendant's phone number to Block It on January 30, 2016, but still received Defendant's calls twenty-two times between January 30, 2016 and March 31, 2016. *Id.* Indeed, Block It's maker testified during a deposition some cellular phone operating systems would send a blocked call to voicemail rather than having it disconnected. *Id.* Later versions of Block It also allowed a user to send a blocked call to voicemail. *Id.* at 5-6. In doing so, users might hear a partial ring, and the phone might light up when a blocked call comes in. *Id.* at 6. Similarly, Plaintiff testified that when a blocked caller calls him, his cell phone would alert him by making a sound and flashing on the screen and send the caller to voicemail. *Id.* at 5.

On October 18, 2016, Judge Steele entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports for Plaintiff to August 18, 2017 and for Defendant to September 18, 2017, the discovery deadline to October 20, 2017, and a trial term of May 7, 2018. Doc. 54. On February 6, 2017, Defendant moved for summary judgment, arguing Plaintiff lacks standing to bring a claim under the TCPA. Doc. 88. On May 11, 2017, Judge Steele issued an Opinion and Order denying this motion and holding Plaintiff has standing ("Summary Judgment Order"). Doc. 141. On the day of the discovery deadline, Defendant filed the present motion. Doc. 165.

## II. Analysis

Defendant moves to compel a supplemental response to its Interrogatory No. 2, served on June 23, 2016. Doc. 165 at 3. Plaintiff responded on August 10, 2016:

**INTERROGATORY NO. 2:**

IDENTIFY each and every PERSON known to YOU or anyone acting on YOUR behalf, who has any information or knowledge concerning the allegations set forth in the COMPLAINT, and/or the facts, events, circumstances, conditions and/or occurrence surrounding and/or underlying those allegations.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is impossible for Plaintiff to describe in detail "each and every" person. Specifically, Plaintiff objects to this interrogatory to the Plaintiff on the grounds that the information sought is obtainable from some other source-namely Defendant-that is more convenient, less burdensome, or less expensive. Plaintiff has no way of knowing the name and address of the Ally Financial Inc. representatives he spoke with. Notwithstanding this objection and without waiving further objection, my attorneys and my girlfriend Charnelle Charles. As discovery is ongoing Plaintiff reserves the right to supplement this response.

Doc. 165-3 at 3.

Defendant argues that in his response Plaintiff did not provide his girlfriend's last known employer, her contact information or any reference to or contact information for his girlfriend's father. Doc. 165 at 3-4. Defendant asserts the parties conferred over this discovery request on September 2, 2016, and Plaintiff's counsel informally provided contact information for Plaintiff's girlfriend and her father on September 23, 2016. *Id.* at 4-5. Defendant allegedly learned the invalidity of the provided contact information when it attempted to serve subpoenas for depositions to Plaintiff's girlfriend and her father in September 2017. *Id.* at 5.

Defendant's process server confirmed their addresses were invalid long ago. *Id.* Defendant requested Plaintiff to supplement his response to Interrogatory No. 2 with valid and complete contact information. *Id.* Since filing of the motion to compel, Plaintiff has supplemented his response by providing to Defendant the most up-to-date contact information of Plaintiff's girlfriend and her father. Docs. 172 at 2-3, 172-4 at 2-3. Accordingly, Defendant's motion to compel as to Interrogatory No. 2 is moot.

Next, Defendant seeks to compel Plaintiff to produce for inspection his cell phone as directed in its Request for Production No. 48. Doc. 165-6 at 2-4. Defendant served a Request for Production No. 48 on December 16, 2016:

**REQUEST FOR PRODUCTION NO. 48:**

Please produce for inspection the cellular telephone assigned to phone number - 5001 and used by you between approximately November 1, 2015, and June 1, 2016, according to the following instructions:

1) Ensure the phone is turned off;
2) Wrap the phone in protective bubble wrap and secure in package for shipping;
3) The shipment should include the **phone**, the **charging cord**, and the **code to unlock the phone**, if any; and,
4) Using a courier that has a tracking shipment mechanism (such as FedEx or UPS) send the shipment to the following address.

iDiscovery Solutions
Attn: Jim Vaughn
535 Anton Blvd., Suite 850
Costa Mesa, CA. 92626

Please further advise where you would like iDiscovery Solutions to return the phone and phone cord. iDiscovery Solutions estimates they will be able mail the phone and phone cord to the address you specify within a few days after receipt of the phone from you.

> Defendant agrees to pay for the costs of packaging and shipment upon Defendant's receipt of proof of payment for the same. Please submit receipts to counsel for Defendant.

Doc. 165-6 at 2-3.

> Plaintiff provided the following objection on January 16, 2017:
>
> **RESPONSE:** Plaintiff objects that this request (1) seeks discovery of privileged communications, (2) seeks discovery of matters that are not relevant to any party's claim or defense, (3) seeks discovery that is not proportional to the needs of the case, (4) imposes an undue burden on Plaintiff by unnecessarily invading his privacy and depriving him of his phone for an unknown number of days.

Doc. 165-7 at 3. Eight months later, Defendant's counsel conferred with Plaintiff's counsel over Plaintiff's objection. Doc. 165 at 6. Defendant alleges that despite continued conferral over the next few weeks, Plaintiff refused to produce his cell phone for inspection. *Id.*

Defendant argues its examination of Plaintiff's cell phone is necessary to discover how many calls Plaintiff actually received from Defendant on his cell phone. Doc. 165 at 13. Defendant asserts Defendant's calls successfully blocked by Block It do not violate the TCPA and do not confer Article III standing on Plaintiff. *Id.* Defendant also seeks to verify whether Plaintiff or his girlfriend possessed the cell phone at issue when Defendant placed unwarranted calls. *Id.* at 14. Defendant argues the cell phone's text message history, call log, emails and timestamped photos will likely provide the relevant evidence. *Id.* Defendant further desires to ensure Plaintiff has not deleted or transferred any responsive call history and communications regarding Defendant's unwanted calls. *Id.* at 14-15. Plaintiff responds the Summary Judgment Order rendered the information requested by

Defendant irrelevant because that Order addressed certain of Defendant's reasons for bringing the present motion. Doc. 172 at 3-5. Plaintiff also asserts Defendant's discovery request is overly invasive, broad and duplicative. *Id.* at 5-9.

As Plaintiff argues, the Court finds the Summary Judgment Order addressed Defendant's argument that its unwanted calls successfully blocked by Block It do not violate the TCPA and do not confer Article III standing on Plaintiff. Docs. 165 at 13, 172 at 3-5. The Summary Judgment Order also resolved Defendant's need to verify whether Plaintiff or his girlfriend possessed the cell phone at issue when Defendant placed unwarranted calls. Doc. 165 at 14.

In the Summary Judgment Order, Judge Steele held "Plaintiff established that he routinely received calls on the Phone, paid the bills, treated the Phone as his own, and that he received unwanted ATDS calls from [Defendant] on the Phone." Doc. 141 at 10. Specifically, Judge Steele found:

> [A]t least some (if not all) of the 22 calls at issue *were not* in fact "blocked" by Block It. Plaintiff testified that even if the calls were "blocked" by Block It, he still received both an auditory and on-screen notification that the call from [Defendant] was coming in and then the calls went to voicemail. This testimony was supported by [Block It's maker]'s corporate representative. Thus, contrary to defendant's argument, the Phone did "receive" these calls, even if plaintiff did not answer them. Even if plaintiff was away from his Phone at the time of the unwanted call and the call went to voicemail, plaintiff would still receive notification of a voicemail and plaintiff would sometimes listen to the voicemails. In any scenario, plaintiff would have been aware of the calls because they were not completely blocked, which is an intrusion upon seclusion that the Court previously identified as sufficient to establish Article III standing.

Doc. 141 at 16 (footnote omitted). Accordingly, as Plaintiff argues, Judge Steele held Plaintiff need not actually have answered Defendant's unwanted calls to have Article

III standing, and Plaintiff's cell phone received Defendant's unwanted calls, regardless of whether Plaintiff answered them. *See id.*; Doc. 172 at 4. Similarly, another court in this district has stated, "[t]he prohibition in the TCPA applies to phone calls placed to cellular telephone numbers even if the intended recipient does not answer the calls. It is the mere act of placing the call that triggers the statute." *Bratcher v. Navient Solutions, Inc.*, 249 F. Supp. 3d 1283, 1286 (M.D. Fla. 2017) (quoting *Fillichio v. M.R.S. Assocs., Inc.*, No. 09-61629-CIV, 2010 WL 4261442, at *3 (S.D. Fla. Oct. 19, 2010)).

Furthermore, Defendant seeks to inspect Plaintiff's cell phone, "which appears to be a smart phone akin to a computer." *Bratcher*, 249 F. Supp. 3d at 1286; Doc. 172 at 1. This district's discovery handbook states:

> Inspection of an opponent's computer system is the exception, not the rule and the creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and cost. A request to image an opponent's computer should include a proposal for the protection of privacy rights, protection of privileged information, and the need to separate out and ignore non-relevant information.

Middle District Discovery (2015) at 26 VII(E). The Court does not find the circumstances here do not amount to "exceptional circumstances which warrant the burden and the cost," given Judge Steele's findings above and Defendant's untimely motion to compel.

Counsel for Defendant received Plaintiff's objections to Defendant's request for production in January 2017. Doc. 165-7 at 3. Yet, he waited eight months to even begin conferring with Plaintiff's counsel over Plaintiff's objections and filed this

motion on the discovery cutoff date without any explanation for the delay. Doc. 165 at 6. Courts in this district repeatedly have denied motions to compel when a moving party did not move to compel within a reasonable time period. *Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) ("While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable' time period.") (citing *Hoai Thanh v. Hien T. Ngo*, Civ. No. PJM 11-1992, 2013 WL 1976009, at *2 (D. Md. May 10, 2013)) (other citations omitted); *Pushko v. Klebener*, No. 3:15-cv-211-J-25HTS, 2007 WL 2671263, at *2 (M.D. Fla. Sept. 7, 2007) (denying a motion to compel discovery because the moving party served discovery requests on the eve of the discovery deadline and waited four months to file the motion to compel after it received the opposing party's objections to its discovery requests); *Malibu Media, LLC v. Weaver*, No. 8:14-cv-1580-T-33TBM, 2016 WL 473133, at *1-*2 (M.D. Fla. Feb. 8, 2016) (upholding the United States Magistrate Judge's order that denied the two motions to compel brought one day before the discovery deadline expired because the moving party failed to provide a reason or good cause for the delay in bringing the motions). Based on the findings above, the Court will deny Defendant's motion to compel.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Compel Discovery Responses and to Comply with Request for Inspection; Memorandum of Law in Support Thereof (Doc. 165) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record