UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                            Case No: 2:16-cv-313-FtM-99CM

**FILED UNDER SEAL**

ALLY FINANCIAL INC.,

    Defendant.

## **OPINION AND ORDER**[1]

This matter comes before the Court on plaintiff's sealed, unredacted[2] Motion for Reconsideration of Sealed Order (Doc. #166) filed on October 20, 2017, which seeks reconsideration of this Court's Opinion and Order denying plaintiff's motion to certify a nationwide Rule 23(b)(3) class and overruling objections to certain discovery orders of the Magistrate Judge (Doc. #160). Defendant filed a Response in Opposition (Doc. #170). Also before the Court is defendant Ally Financial Inc.'s Motion to Strike Supplemental Declaration of Robert Biggerstaff (Doc. #164), to

---

[1] The Opinion and Order is being filed under seal due to the confidential and proprietary business information contained herein. See Doc. #40, Stipulated Protective Order.

[2] The motion was initially filed in a redacted version (Doc. #161) and a duplicate, unredacted version was filed under seal (Doc. #166). The redacted version will be terminated as duplicative.

which plaintiff responded (Doc. #171).  For the reasons set forth below, the motions are denied.

**I.**

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion.  <u>Region 8 Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993).  "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." <u>PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.  <u>Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.</u>, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); <u>PaineWebber</u>, 902 F. Supp. at 1521.  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the

factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

## II. Reconsideration

In its previous Opinion and Order (Doc. #160), the Court denied plaintiff's Motion for Class Certification finding, inter alia, that plaintiff failed to satisfy the commonality and predominance requirements under Fed. R. Civ. P. 23(a) and (b)(3). Plaintiff argues that reconsideration is necessary to correct clear error or prevent manifest injustice. According to plaintiff, if the Magistrate Judge would have compelled Ally to provide him access to the records Ally relied on in opposition to class certification, he would have able to rebut Ally's testimony. In support, plaintiff submits the Supplemental Declaration of

Robert Biggerstaff[3] (Doc. #166-1), who sets forth a methodology for analyzing Ally's call records, which would purportedly have supported class certification.

In his Motion for Reconsideration, plaintiff reargues the merits of his motion for class certification and objections to the Magistrate Judge's Order (Doc. #128) and provides cases illustrating when courts have granted class certification, none of which are controlling on this Court. Moreover, plaintiff cannot successfully contend that his arguments are based on new evidence by submitting the Supplemental Declaration of Robert Biggerstaff.[4]

In an attempt to circumvent the individualized issues identified by the Court in its Opinion denying class certification, plaintiff now seeks to limit the class to those individuals that are not customers of Ally where a "wrong number" notation was

---

[3] Mr. Biggerstaff's first Declaration was provided in support of plaintiff's Motion to Compel. (Doc. #47-2.)

[4] Mr. Biggerstaff's Supplemental Declaration does not constitute new evidence as plaintiff could have submitted the report before the Court issued its Opinion and Order, and indeed Biggerstaff's first expert report (Doc. #47-2), which was available to plaintiff at the time of the class certification briefing, is similar in many ways to the supplemental report. Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."). In any event, the supplemental report does not persuade the Court that class certification would be appropriate or that Judge Mirando's discovery order was clearly erroneous or contrary to law.

included for their phone number.[5]  Even if the Court allowed plaintiff to amend the class definition after certification has been denied, the Court finds that individualized issues would still remain and plaintiff has not otherwise shown that he is entitled to the extraordinary remedy that he seeks.  Thus, his motion for reconsideration is due to be denied.

### III. Motion to Strike

Ally moves to strike the Supplemental Declaration of Robert Biggerstaff (Doc. #166-1), arguing that the untimely declaration is testimony from an undisclosed expert who has not provided an expert report.  Plaintiff responds that if the Court denies the Motion for Reconsideration, plaintiff will not seek to provide any expert testimony.  (Doc. #171, p. 4.)  As the Court has denied reconsideration, it sees no reason to strike a declaration on which plaintiff will not rely.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Sealed Motion for Reconsideration of Sealed Order (Doc. #166) is **DENIED.**

---

[5] Plaintiff proposes to identify non-customer class members by comparing data provided by wireless telephone service providers to the call data in Ally's customer records.  This way, plaintiff states that the Court's concerns regarding consent and arbitration clauses in contractual agreements would be resolved.

2. Plaintiff's Redacted Motion for Reconsideration of Sealed Order (Doc. #161) is **terminated as duplicative**.

3. Defendant's Motion to Strike Supplemental Declaration of Robert Biggerstaff (Doc. #164) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   20th   day of November, 2017.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record