UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONELL L. TILLMAN,
individually and on behalf
of all others similarly
situated,

    Plaintiff,

v.                            Case No: 2:16-cv-313-FtM-99CM

ALLY FINANCIAL INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's sealed, unredacted[1] Motion for Summary Judgment (Doc. #178) filed on November 24, 2017. Defendant filed an Unredacted Response in Opposition (Doc. #183) on December 6, 2017. For the reasons set forth below, the Motion is denied as moot and discovery will be re-opened.

I.

This is a consumer-protection case arising from the receipt of autodialed calls to a cellular phone without consent. On April 28, 2016, plaintiff Donell L. Tillman (plaintiff or Tillman), on behalf of himself and all others similarly situated, filed a one-

---

[1] The motion and its exhibits were initially filed in a redacted version (Doc. #175) and a duplicate, unredacted version was filed under seal (Doc. #178). The redacted version will be terminated as duplicative.

count class-action complaint, alleging that defendant Ally Financial, Inc. (defendant or Ally) violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing unauthorized calls to his cellular phone using an "automatic telephone dialing system" (ATDS). (Doc. #1.) As relevant here, the TCPA makes it unlawful for "any person," absent the "prior express consent of the called party," to make any non-emergency call "using automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

The Court previously denied class certification (Docs. ##160, 174), but also found that plaintiff had constitutional and statutory standing at both the dismissal and summary judgment stages (Docs. ##58, 141). Plaintiff, now proceeding on his individual case only, moves for summary judgment, arguing that there is no genuine issue of material fact as to whether Ally placed sixty-six (66) calls to plaintiff in violation of the TCPA. Plaintiff also requests that the Court find that the violations were made "willfully and knowingly," entitling plaintiff to treble damages. 47 U.S.C. § 227(b)(3).

## II. Federal Rule 26 Disclosures

As an initial matter, the Court considers Ally's argument that the majority of the evidence and witnesses plaintiff provided in support of his summary judgment motion (specifically, Docs.

##178-1, 178-3, 175-4, 175-5, 175-8, 175-10, and 175-11) were not previously disclosed, in violation of Federal Rule of Civil Procedure 26(a) and (e). Ally states that the only witness previously disclosed by plaintiff was plaintiff himself. See Doc. #183-2. Therefore, Ally requests that the Court exclude the undisclosed evidence and thereafter deny summary judgment due to lack of any supporting evidence. Plaintiff did not seek to reply to Ally's allegations, nor provide any justification for failing to disclose the documents and witnesses.

Federal Rule 26 requires the parties to disclose the names of all people likely to have discoverable information and a copy of all documents the party may use to support its claim. Fed. R. Civ. P. 26(a)(1)(A)-(B). The rule does not require disclosure of documents or the names of people that will be used "solely for impeachment." Id. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c); Murdick v. Catalina Marketing Corp., 496 F. Supp. 2d 1337, 1347 (M.D. Fla. 2007) (citation omitted).

Federal Rule 37(c)(1) provides that the Court can strike Tillman's references to the evidence and can prevent Tillman from relying on the undisclosed evidence in a motion or at trial;

however, exclusion is not mandatory. Rule 37(c)(1) provides that instead of sanctioning a party by excluding evidence, the Court may impose other appropriate sanctions. Those sanctions include awarding, upon motion, reasonable expenses and attorney's fees incurred because of the discovery violation. Fed. R. Civ. P 37(c)(1)(A). See also Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004).

The Eleventh Circuit considers three factors when reviewing a district court's decision to exclude previously undisclosed evidence under Rule 37: (1) the importance of the evidence; (2) the reason for the party's failure to disclose the evidence earlier; and (3) the prejudice to the opposing party if the evidence is considered. Bearint, 389 F.3d at 1353; Cooley v. Great S. Wood Preserving, 138 F. App'x 149, 160-61 (11th Cir. 2005). Because plaintiff has not replied to this issue, the Court will only consider factors one and three when considering whether to strike the evidence.

**A. Deposition Testimony and Documents**

The Court has reviewed the evidence at Docs. ##178-1, 178-3, 178-4, 178-5, 175-8[2], 175-10, and 175-11, and finds that the non-disclosure will not cause harm to, nor unfairly prejudice Ally. Ally cannot claim unfair surprise since it knew about the existence

---

[2] Plaintiff identifies the call history as Doc. #178-7 in its Statement of Facts, but the correct document is Doc. #178-8.

of the depositions (indeed, Ally's counsel was present at, and defended the depositions), and due to the Bates stamps, the documents appear to be documents that were produced by Ally. Ally also has not shown how it has incurred additional costs or expenses due to the non-disclosure that it would not have incurred otherwise. Therefore, this evidence will not be excluded.

### B. Number of Calls Identified in Plaintiff's Discovery Responses

Ally next argues that plaintiff cannot submit any evidence or seek recovery for any alleged TCPA violations other than the 22 calls he identified in his interrogatory responses. Plaintiff claims for the first time in his Motion for Summary Judgment that Ally placed 66 calls to him in violation of the TCPA. (Doc. #178-1, at 1.)

In plaintiff's August 26, 2016 responses to Ally's discovery requests for the identity of each and every call that he contends was made using an ATDS without his consent, plaintiff stated:

> All calls made by Ally to me were made in violation of the TCPA. I currently do not know the total number of calls made by Ally to me, and contend that Ally's own records should contain that information. Although investigation continues, I contend that Ally made at least 22 calls to me in violation of the TCPA.

(Doc. #183-3, pp. 3-4.) In his interrogatory response, plaintiff further details the date and time of the 22 calls. (Id.) Plaintiff also stated in February of 2017 that the number of calls totaled 22, citing the call history log. (Doc. #86, ¶ 15; Doc.

#86-1.) Since that time, plaintiff deposed Ally's employees in October of 2017 (and perhaps obtained a different call history log from Ally). Ally's employees testified to and explained the call history logs, after which plaintiff claims for the first time in his Motion for Summary Judgment that Ally placed 66 automated calls in violation of the TCPA.

Although plaintiff stated in his interrogatory responses that "all" calls made by Ally to him were in violation of the TCPA and that "investigation continues," he did not supplement his interrogatory responses after questioning Ally's employees.[3] The Court must look at whether Ally was harmed by such non-disclosure, and if so what sanction is appropriate, if any.

Plaintiff has known since at least October 2016 when Ally's employees were deposed that the number of calls that violated the TCPA could have been greater than 22. At those depositions, Ally employees explained the meaning of the activity codes for each call. Based upon the explanations, plaintiff seems to have expanded the universe of calls that he believes violated the TCPA.

Although Ally's counsel was present at these depositions, Ally should not be left to guess as to which calls plaintiff would later contend violate the TCPA. However, the Court will not strike

---

[3] Federal Rule 26(e) requires supplementation in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or correct.

the additional calls at this time. In order to address defendant's concern, the Court will re-open discovery for 60 days to allow Ally the opportunity to take further discovery and/or offer an expert report as to the additional 44 calls identified by plaintiff. Plaintiff will not be allowed to conduct any additional discovery during this time, except as to any expert identified by defendant, which plaintiff will be allowed 30 days to conduct. The Court would entertain a request for reasonable expenses and attorney's fees incurred by Ally for this additional discovery. See Fed. R. Civ. P 37(c)(1)(A).

Because the additional discovery could impact the issues raised in plaintiff's Motion for Summary Judgment, the Motion will be denied as moot to be re-filed 30 days after the additional discovery period has ended. This will necessitate an extension of the trial term.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #178) is **DENIED as moot**.

2. Plaintiff's Redacted Motion for Summary Judgment (Doc. #175) is **terminated as duplicative**.

3. Discovery and the deadline for defendant to file an expert report are open for an additional 60 days, until **March 19, 2018**, for the limited purposes outlined in this Opinion and Order.

4.  Plaintiff shall have until **April 18, 2018** to conduct discovery as to any expert identified by defendant.

5.  Summary judgment motions are due by **May 18, 2018.**

6.  An amended case management and scheduling order will issue, setting this case on the December 2018 trial term.

**DONE and ORDERED** at Fort Myers, Florida, this  17th  day of January, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record